W. J. MEYERS, Respondent v. JOHN RAISTY and Farmers Grain Company, a Corporation, Appellants.

(183 N. W. 112.)

**Landlord and tenant — when title to crops are to remain in landlord until division thereof, it is not necessary to file contract as chattel mortgage.**

Following Merchants State Bank v. Sawyer Farmers' Co-op. Asso. 47 N. D. 375, 14 A. L. R. 1353, 182 N. W. 263, it is *held*:

Where a lease of a farm on shares contains a provision to the effect that title to and possession of all crops shall be in the lessor until the conditions of the lease have been complied with by the lessee and a division made of the crop, such provision is effective without filing the contract as a chattel mortgage. An assignee of the tenant is presumed to be acquainted with the terms and stipulations of the lease, and acquires no greater rights than the tenant had to transfer.

Opinion filed May 18, 1921.

From a judgment of the District Court of Ransom County, *McKenna*, J., defendants appeal.

Reversed.

*Ego, Craig,* & *Thompson,* for appellants.

Knowledge of the fact of tenancy is of itself sufficient to charge notice of all the incidents of tenancy: 2 Devlin, Real Estate, 3d ed. ¶ 775; Pom.

---

NOTE.—For authorities discussing the question of necessity of filing lease or contract which reserves title to crops in lessor, see note in 14 A.L.R. 1362.

Eq., 4th ed. ¶ 618-625 and cases cited; Schumacher v. Truman (Cal.) 66 Pac. 591; Aden v. Vallejo (Cal.) 72 Pac. 905; Dutton v. McReynolds (Minn.) 16 N. W. 468; Lance v. Gorman (Pa.) 20 Atl. 792.

It was plaintiff's duty to make due and reasonable inquiry. Betts v. Tetcher (S. D.) 46 N. W. 193; Stevenson v. Campbell (Ill.) 57 N. E. 414; Crooks v. Jenkins (Iowa) 100 N. W. 82.

Possession by a tenant is constructive notice of the landlord's rights and equities therein, as well as notice of the tenant's rights and equities. 2 Devlin, Real Estate, 3d ed. ¶ 775; Pom. Eq. 4th ed. 618-625, and cases cited; Dutton v. Warschaur (Cal.) 82 Am. Dec. 765; Peasley v. McFadden (Cal.) 10 Pac. 179; Mallet v. Kaehler (Ill.) 30 N. E. 549; Bowman v. Anderson (Iowa) 47 N. W. 1087.

*Kvello & Adams,* for respondent.

"A provision retaining title and possession of all crops until division is of the nature of a chattel-mortgage lien on the lessee's share, and such lessor has no greater or different rights thereunder than a mortgagee's under a chattel mortgage." North Dakota Grain & Land Co. 170 N. W. 307; Carlson v. Davis, 178 N. W. 455.

CHRISTIANSON, J. The sole question presented on this appeal is whether a contract for the cropping of land must be filed in the office of the register of deeds of the county in which the land is situated in order to render effective, as a chattel mortgage, a provision therein reserving title to the crops in the owner of the land. This question was answered in the negative in Merchants', State Bank v. Sawyer Farmers' Co-op. Asso. 14 A. L. R. 1353, 182 N. W. 263. he authorities cited and arguments advanced by the respective parties in this case were all considered in determining Merchants' State Bank v. Sawyer Farmers' Co-op. Asso. supra, and the views of the members of this court have undergone no change since that case was decided. On the authority of that case the judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.

BIRDZELL and BRONSON, JJ., concur.

ROBINSON, Ch. J. (dissenting). I do hold that any paper which is in

effect a chattel mortgage should be filed as a chattel mortgage. "The law regards form less than substance." Maxim 7262.

GRACE, J. (dissenting). I dissent from the result arrived at by the majority opinion, for the same reasons I dissented in the case of Merchants' State Bank v. Sawyer Farmers' Co-op. Asso. 47 N. D. 375, 149 A.L.R. 1353, 182 N. W. 263.